PAUL L. VAN LOON, CA SBN 194382
**VAN LOON & ASSOCIATES**
1061 Tierra Del Rey, Suite 204
Chula Vista, CA 91910
Telephone: (619) 591-1005
Facsimile: (619) 591-1010

BRIAN J. LAWLER, CA SBN 221488
**PILOT LAW, P.C.**
450 B Street, Suite 1430
San Diego, CA 92101
Telephone: (619) 255-2398
Facsimile: (619) 231-4984

Attorneys for Plaintiff
VIOLETTE MANSOOR

FILED
2008 MAY -7  AM 11: 43

BY _____ YNH _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETTE MANSOOR,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>AIR FRANCE KLM AIRLINES,<br>　　　　　　　　　Defendant. | CASE NO.: **'08 CV 0828 JM RBB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

The Plaintiff, Violette Mansoor, through her Attorneys, brings this action against Air France KLM Airlines for personal injuries sustained during an international flight operated by the defendant on a ticket issued in the United States through a partner member of the SkyTeam Global Alliance. This action is governed by the Warsaw Convention and the

-1-

COMPLAINT FOR DAMAGES                                                        CASE NO.:

Montreal Convention of 1999, also known as the Convention for the Unification of Certain Rules for International Carriage by Air.

The Plaintiff respectfully alleges:

### The Parties

1. Plaintiff, Violette Mansoor, is a citizen of the State of California and a resident of El Cajon, San Diego County.

2. The defendant, Air France KLM Airlines ("Air France"), is believed and therefore alleged to be a corporation organized under the laws of France.

3. Air France is a member of the SkyTeam Global Alliance, through which it offers code-share flights and coordinated flight schedules, reservations and ticketing with other air carriers that are members of the SkyTeam Global Alliance, including Delta Airlines, Inc., which has regular operations at Hartsfield International Airport in Atlanta, Georgia.

4. As a member of the SkyTeam Global Alliance, Air France operates code-share flights with Delta Airlines, Inc., including flights originating and terminating at Lindbergh International Airport in San Diego, California.

5. As a member of the SkyTeam Global Alliance, Air France provides coordinated ticketing and operation of flights from the United States to Paris and destinations in Asia through its code-share arrangement with Delta Airlines, Inc.

6. Air France regularly conducts business in the State of California through its relationship with Delta and other air carriers that are members of the SkyTeam Global Alliance.

7. Delta Airlines, Inc., which is a strategic code-share partner of KLM, has a regular place of business at Hartsfield International Airport in Atlanta, Georgia.

8. Air France operates code-share flights in and out of Hartsfield International Airport in the City of Atlanta, State of Georgia, from which it operates as an air carrier providing international flights between the United States and foreign countries.

### Jurisdiction and Venue

9. This action arises out of and is governed by the Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, 2 Bevans, 983, 137 L.N.T.S. 11 (the "Warsaw Convention"), as amended by the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention 1999") and related agreements and protocols.

10. This Court has jurisdiction over this matter pursuant to Article 33 of the Montreal Convention 1999, in that the plaintiff's principal and permanent residence is in the United States, and the defendant is an air carrier that provides services for the carriage of passengers by air using either its own aircraft or another carrier's aircraft pursuant to a code share or other commercial agreement within the meaning of the Convention.

11. The subject flight involved "international carriage" as defined under Article One of the Montreal Convention 1999.

12. The plaintiff's injuries alleged herein resulted from an accident on board the defendant's aircraft in the course of international carriage within the meaning of the Montreal Convention 1999.

13. Personal jurisdiction exists over the defendant by virtue of its ongoing business dealings in the State of California, where it operates coordinated code share flights as a member of the SkyTeam Global Alliance, with arriving and departing flights in the State of California on a regular basis and that Plaintiff's principal and permanent residence is in the State of California. The plaintiff's claim relates to personal injuries sustained on an Air France aircraft during a flight from Atlanta, Georgia to Paris, France that was designated as Air France Flight 307, which was part of a single contract for carriage on a ticket issued to the plaintiff in the State of California

## General and Factual Allegations

14. In or about March 23, 2006 the plaintiff purchased a ticket from Pacific Tour and Travel, La Jolla, California for international travel from San Diego to Dubai, United Arab Emirates, via Atlanta, Georgia, and Paris, France, with departure from San Diego on May 9, 2006 and arrival in Dubai, United Arab Emirates, on May 10, 2006, and a return flight scheduled to depart Dubai on June 15, 2006.

15. The outbound travel included Delta Airlines Flight 453 from San Diego to Atlanta, and ann Air France flight from Atlanta to Paris, which was designated as Air France Flight 307.

16. Air France Flight 307 was operated by Air France on an aircraft owned by Air France with cockpit and cabin crew who were employees of Air France.

17. The ticket for travel on Air France Flight 307 was issued by Delta Airlines, Inc., on behalf of Air France as part of the SkyTeam Global Alliance service.

18. On May 10, 2006, the Plaintiff was a fare-paying passenger on Air France Flight 307.

19. During Air France Flight 307 from Atlanta to Paris on May 10, 2006, the plaintiff sustained serious personal injuries when she tripped and fell as a result of a hazard in the walkway onboard the aircraft.

## Plaintiff's Claim for Personal Injuries Pursuant to Articles 17 and 21 of the Montreal Convention 1999

20. The plaintiff sustained bodily injury as a result of an accident on board an Air France aircraft during Flight 307 within the meaning of Article 17 of the Montreal Convention 1999.

21. Pursuant to the provisions of Article 17 of the Montreal Convention 1999, the defendant is liable for damages sustained by the plaintiff as a result of the injuries she suffered as a result of the accident on board Flight 307 on May 10, 2006.

22. The plaintiff's injuries were the result of an accident pursuant to the provisions in Article 17 of the Montreal Convention 1999 and the defendant therefore is strictly liable for, and may not limit or exclude its liability for damages up to and including 100,000 Special Drawing Rights as provided in Article 21.

23. The plaintiff's injuries occurred as a result of the defendant's negligence or other wrongful act within the meaning of Article 21 of the Montreal Convention 1999, and the defendant therefore is liable for damages exceeding 100,000 Special Drawing Rights as provided in Article 21.

24. The defendant, acting by and through Flight 307's cabin and cockpit crew and other employees, failed to take all necessary precautions to prevent the accident that resulted in plaintiff's injury during Flight 307 on May 10, 2006.

25. The plaintiff's injuries were the direct and proximate result of the defendant's negligence and other wrongful conduct in any or all of the following respects:

    a. Failing to take necessary precautions to anticipate the conditions that caused the hazardous condition onboard Flight 307 that resulted in plaintiff's injury;

    b. Failing to avoid the hazardous conditions that caused the plaintiff's accident onboard Flight 307 that resulted in plaintiff's injury;

    c. Failing to warn the plaintiff of hazards in the walkway/aisle between the seats while she was proceeding, in the presence of flight attendants, to the lavatory to use the rest room.

26. As a direct and proximate result of the foregoing, the plaintiff, Violette Mansoor, suffered severe and permanent injuries, was rendered unable to engage in her usual occupation and activities, and suffered physical pain and mental suffering.

27. As a direct and proximate result of the foregoing, the plaintiff is entitled to recover all elements of damages allowable under law, including damages for the following: medical expenses; loss of impairment of earning capacity; economic losses; physical and mental pain and suffering; and all other damages recoverable under the laws of damages applicable to this action.

///

///

///

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Air France KLM Airlines, in an amount that provides full and fair compensation for the injuries and damages she suffered, plus interest and costs.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

Dated: May 7, 2008

VAN LOON & ASSOCIATES
PILOT LAW, P.C.

By: _____
PAUL J. VAN LOON
BRIAN J. LAWLER
Attorneys for Plaintiff,
Violette Mansoor

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Violette Mansoor

**DEFENDANTS**
Air France KLM Airlines

FILED
2008 MAY -7 AM 11:44
SOUTHERN DISTRICT COURT
CALIFORNIA
KNJT
DEPUTY

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul L. Van Loon, Van Loon + Assoc., 1061 Tierra del Rey Ste 204, Chula Vista CA 91910 619.591.1005
Brian J. Lawler Pilot Law, P.C. 450 B St, Ste 1430 San Diego, CA 92101 619.255.2398

Attorneys (If Known)

**08 CV 0828 JM RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Montreal Convention 1999
Brief description of cause:
Personal Injury onboard International Air Carrier Flight

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 5/7/08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 150627  AMOUNT $350  APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____
MS 5/7

C6