Christopher Kende (SBN 182711)
COZEN O'CONNOR
16th Floor
45 Broadway Atrium
New York, New York 10006
Telephone: 212.509.9400
Toll Free Phone: 800.437.7040
Facsimile: 212.509.9492

Attorneys for AIR FRANCE KLM AIRLINES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETTE MANSOOR,<br><br>Plaintiff,<br><br>vs.<br><br>AIR FRANCE KLM AIRLINES,<br><br>Defendant.. | Case No.: 08 CV 0828 JM RBB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)6)**<br><br>Judge: Hon. Jeffrey T. Miller<br>Magistrate: Judge Ruben B. Brooks<br><br>Date: September 5, 2008<br>Time: 1:30 p.m.<br>Courtroom: 16 |

Defendant Air France KLM Airlines (hereinafter "Air France") respectfully submits this Memorandum of Points and Authorities in support of its Motion to dismiss the Complaint in this action for failure to state a claim.

The entirety of the substantive factual allegations in the Complaint comprise a single sentence: "During Air France Flight 307 from Atlanta to Paris, on May 6, 2006, the plaintiff sustained serious personal injuries when she tripped and fell as a result of a hazard in the walkway onboard the aircraft." Complaint, ¶ 19. An incident occurring aboard an aircraft in flight is subject to the provisions of the Montreal Convention,[1] a point conceded by plaintiff in her Complaint. The

---
[1] Agreement Relating to Liability Limitations of the Warsaw Convention and the Hague Protocol, CAB Agreement 189900, approved CAN Order No. E-23680, 31 Fed. Reg. 7302 (1966).

1   Case No.: 08 CV 0828 JM RBB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Supreme Court, in applying the Convention, has held that liability thereunder does not arise except as a result of an accident, which is defined as "an unexpected or unusual event or happening that is external to the passenger." Subsequent courts, following the Supreme Court's construction of the Convention, have repeatedly dismissed claims involving trips and falls on aircraft, even when over objects in the aisles, on the basis that those are not "unexpected or unusual events" within the meaning of the Convention. For this reason, the bare bones Complaint herein should be dismissed.

I.   **Statement of Material Facts**

As noted, the Complaint herein is extremely thin. With respect to what is material to this motion, the Complaint asserts only that the plaintiff, Violette Mansoor, was on board an Air France airliner on the Atlanta to Paris leg of a trip from San Diego to Dubai, on a ticket purchased in California, when she tripped and fell in the aisle. Complaint, ¶¶ 14, 18, 19. No description is given of what caused her to fall, other than that there allegedly was some "hazard"[2] in the aisle. *Id.*, ¶ 19. No description of her alleged injuries is provided either, other than that they allegedly were serious and permanent. *Id.*, ¶ 26.

In the Complaint, plaintiff asserts that Air France was negligent in three ways: (1) failing to take precautions to anticipate the conditions that caused the allegedly hazardous condition; (2) failing to avoid the allegedly hazardous condition;[3] and (3) failing to warn of the hazards in the aisle between the seats.

II.  **Argument**

All parties agree that Article 17 of the Montreal Convention, which applies to any personal injury or death occurring onboard an aircraft while the passenger is either boarding, traveling onboard or disembarking, governs this matter. *See* Complaint, ¶ 20 ("The plaintiff sustained bodily injury as a result of an accident on board an Air France aircraft during Flight 307 within the meaning of Article 17 of the Montreal Convention"). While it is not entirely clear whether the Complaint means to interpose any state law claims, to the extent any of its claims may be characterized as such,

---

[2]   In subsequent correspondence, plaintiff's counsel asserted that the 79-year old plaintiff tripped over either a passenger's foot, some loose underseat carry-on, or some other loose impediment.

[3]   There appears to be no discernable difference between # 1 and # 2.

which may be the case for plaintiff's claims of failure to take precautions, failure to avoid hazardous conditions and failure to warn claim (*see* Complaint, ¶ 25 (a) - (c)), all such claims would be preempted. *See El Al Israel Airlines Ltd. v. Tseng* (1999) 525 U.S. 155, 161 (where Article 17 of the Convention applies, it is the exclusive remedy); *Magan v. Lufthansa German Airlines* (2d Cir. 2003) 339 F.3d. 158; *Paradis v. Ghana Airways, Ltd.* (S.D.N.Y. 2004) 348 F. Supp.2d 106, 108. Only claims which are allowable under the Montreal Convention may be brought.

The Montreal Convention replaced the previously effective Warsaw Convention. Liability thereunder is governed by the seminal case of *Air France v. Saks* (1985) 470 U.S. 392. In that case, the Supreme Court ruled that to qualify as an "accident" within the meaning of the Warsaw Convention (and, consequently, the Montreal Convention) there had to be an "unexpected or unusual event or happening that is external to the passenger." Stated otherwise, what matters is not whether the *occurrence* of the accident was unexpected or unusual, but whether the *cause* of the accident was unexpected or unusual. As the cases have made clear, an "accident" is not merely an abnormal reaction of a passenger to some ordinary condition or happening; rather, it must the result of abnormal or unusual operation of the aircraft. "[W]hen the injury indisputably results from the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft, it has not been caused by an accident, and Article 17 of the Warsaw Convention cannot apply." *Saks, supra,* 470 U.S. at 406.

Thus, where an accident results from a passenger's reaction to the usual, normal or expected operation of the aircraft, it is not deemed to be an "accident" within the meaning of the Montreal Convention, and liability cannot result. Notably in that regard, courts have routinely dismissed claims contending that tripping over objects in the walkway or surrounding passengers' seats constitutes an "accident" within the meaning of the Montreal convention. *See, e.g., Rafailov v. El Al Israel Airlines, Ltd.* (S.D.N.Y. May 13, 2008) 2008 WL 2047610 (granting summary judgment to defendant: "After four hours in flight, it would seem customary to encounter a certain amount of refuse on an airplane floor"); *Sethy v. Malev-Hungarian Airlines* (S.D.N.Y. 2001) 2000 WL 1234660, *aff'd* (2d Cir. 2001) 13 Fed. Appx. 18  (tripping over luggage in aisle during boarding not an accident under article 17 of the Montreal Convention). *See also Potter v. Delta Airlines* (5th Cir.

1996) 98 F.3d 881 (plaintiff's twisting of her ankle while attempting to maneuver around fully reclined seat of the passenger in front of her held <u>not</u> an "accident" because not caused by an unusual event).

In its various correspondence to Air France's counsel, plaintiff's counsel referred to two cases which it alleged support plaintiff's position, *Gezzi v. British Airways* (9th Cir. 1993) 991 F.2d 603, and *Wiprank v. Air Canada* (C.D. Cal. May 15, 2007) 2007 WL 2441066. Both are wholly distinguishable; indeed, they support Air France's position. *Gezzi* involved a passenger who fell down stairs used to provide access to the plane. The court entered a specific finding that the accident was caused by water on the steps, and held that "the presence of water on the stairs qualifies as an 'accident' because it was both 'unexpected' and 'unusual' and 'external to' Gezzi." 991 F.2d at 605. *Wiprank* involved hot tea which spilled into a passenger's lap when the passenger seated in front of her moved around in his seat. The court held that although it was common for passengers to move around in their seats, it was not common for such movements to cause such a jolt as to cause beverages placed on seat back trays to slide off the trays. That was deemed to be an unexpected external event, resulting in liability, but neither that scenario nor the scenario in *Gezzi* is comparable to Ms. Mansoor's trip in the aisle, whether she allegedly fell over her own feet or someone else's. Anyone who has ever flown on an airplane is aware (and a court may take judicial notice that) feet and other objects frequently protrude into the aisle. That is not an unexpected occurrence, but entirely usual and normal.

Plaintiff has not pled any facts tending to support that her fall and the subsequent alleged injuries were the result of anything unusual or abnormal with respect to the operation or condition of the aircraft. Even taking the passenger at her word that she tripped over someone's foot or an underseat carry-on that was protruding into the aisle, such an occurrence would not be an "unexpected or unusual event or happening that is external to the passenger" such as would constitute an "accident" under the Convention. Rather, it falls squarely within the ambit of all the cases holding this to be neither an unusual nor an unexpected event, and therefore not constituting an "accident" under the Montreal Convention.

### IV. Conclusion

No evidence of liability on the part of Air France is or could be shown. Indeed, even if one credits plaintiff's assertion that she fell over an unidentified "hazard" such as someone else's feet, or someone's underseat carry-on that was protruding into the aisle, that event would not qualify as an "accident" within the plain meaning of the Montreal Convention, as it repeatedly has been construed by the courts including this Circuit.

The Complaint should be dismissed in its entirety for failure to state a claim.

DATED: July 28, 2008                    COZEN O'CONNOR

By: _____
CHRISTOPHER KENDE
Attorneys for AIR FRANCE KLM AIRLINES