Christopher Kende (SBN 182711)
COZEN O'CONNOR
16th Floor
45 Broadway Atrium
New York, New York 10006
Telephone: 212.509.9400
Toll Free Phone: 800.437.7040
Facsimile: 212.509.9492

Attorneys for AIR FRANCE KLM AIRLINES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETTE MANSOOR,<br><br>    Plaintiff,<br><br>vs.<br><br>AIR FRANCE KLM AIRLINES,<br><br>    Defendant.. | Case No.: 08 CV 0828 JM RBB<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)6)**<br><br>Judge:        Hon. Jeffrey T. Miller<br>Magistrate:   Judge Ruben B. Brooks<br><br>Date:         September 26, 2008<br>Time:         1:30 p.m.<br>Courtroom:    16 |

  Defendant Air France KLM Airlines (hereinafter "Air France") respectfully submits this Memorandum of Points and Authorities in reply to Plaintiff's opposition to Air France's Amended Motion to dismiss the Complaint in this action for failure to state a claim.

  Plaintiff's opposition is based on two faulty premises. First, Plaintiff contends that she pled legally sufficient facts to sustain a cause of action under Article 17 of the Montreal Convention. Second, Plaintiff asserts that she is entitled to the additional payments potentially available to plaintiffs under Article 21 of the Montreal Convention because it is sufficient for her to merely plead a causal connection between her injuries and Air France's alleged negligence.

  Neither contention has merit.

I.   **Plaintiff Has Not Properly Alleged an "Accident" Within the Meaning of Article 17 of the Montreal Convention.**

The parties are in agreement that the claims in this case are governed by the Montreal Convention, specifically, Article 17 thereof. The parties also are in agreement that Plaintiff has no claim unless she sustained an injury as a result of an "accident" within the meaning of the Montreal Convention. And the parties also are in agreement that under the seminal case of <u>Air France v. Saks</u>, 470 U.S. 392 (1985), an 'accident" within the meaning of the Montreal Convention is defined by reference to the cause of the injury, not the injury itself. That is, it is not sufficient that the injury was unusual or unexpected. Rather, the injury has to be <u>caused</u> by an "unexpected or unusual event or happening that is external to the passenger." Or, as Plaintiff herself concedes, to sustain an Article 17 claim a plaintiff must show an injury that (1) was caused by an external event, (2) was unusual or unexpected, and (3) took place during the operation of an aircraft.[1]

Plaintiff alleges she has adequately pled an Article 17 claim, but that plainly is not the case. The entirety of the substantive factual allegations in the Complaint comprise a single sentence: "During Air France Flight 307 from Atlanta to Paris, on May 6, 2006, the plaintiff sustained serious personal injuries when she tripped and fell as a result of a hazard in the walkway onboard the aircraft." Complaint, ¶ 19. Missing from here, as well as from any other place in the Complaint, is any allegation of <u>facts</u> supporting a showing of an "unusual or unexpected" external causative event. Nor does Plaintiff identify any such factual allegation in her Memorandum of Points and Authorities in which she merely repeats the above-quoted conclusory language from the Complaint without ever attempting to point out where the Complaint alleges an unusual or unexpected event. That is a fatal omission. See, e.g., <u>Rodriguez v. Ansett Australia Ltd.</u>, 383 F.3d 914, 916-17 (9th Cir. 2004) (no accident where injury results from passenger's internal reaction to the normal and expected operation of an aircraft, citing <u>Saks</u>).

Plainly, as set forth in Air France's opening papers, refuse, luggage and other objects, including other passengers' feet in the aisle of an in-flight aircraft, are to be expected. Although

---

[1]   Air France does not take great issue with Plaintiff's description of the legal standard on a motion to dismiss, except to note that Plaintiff overstates its case a bit and omits to mention one key factor, namely, that a plaintiff is required to plead <u>every</u> element of its claim. That is a key omission in this case.

Plaintiff criticized Air France for citing cases from another jurisdiction, it is notable that none of the cases Plaintiff cites deals with a passenger tripping over an object in the aisle of an airplane. Cases dealing with a passenger slipping on water that was not supposed to be on the steps leading out of an airplane and is therefore an "unusual" condition, or hot tea spilled in a passenger's lap by another passenger bouncing around in his seat, or concerning a passenger stepping backwards onto another passenger's foot, or dealing with a passenger being struck by a liquor bottle falling out of an overhead bin, simply are not comparable to cases involving a passenger falling over some unidentified object in the aisle of an airplane. In all of the cases cited by Plaintiff, the court entered a determination that an injury was caused by an unexpected or unusual external hazard. The cases cited by Air France, by contrast, deal with falls over objects on an airplane floor, which is our situation. In those cases the courts entered a finding that feet, luggage and other items on an airplane floor were not unexpected or unusual. Notably, Plaintiff cited no cases arising in the circumstances here at issue in which the court found liability under Article 17.

In summary, Plaintiff has not pled any facts that could show that her fall and the subsequent alleged injuries were the result of any "unexpected or unusual" external event. Even taking plaintiff at her word that she tripped over someone's foot or an underseat carry-on that was protruding into the aisle, such an occurrence is not an "unexpected or unusual event or happening that is external to the passenger" as is needed in order to constitute an "accident" under the Montreal Convention. Rather, our case falls squarely within the ambit of all the cases holding this type of cause to constitute neither an unusual nor an unexpected event, and therefore not constituting an "accident" under the Montreal Convention. The Complaint should be dismissed.[2]

## II. Plaintiff's Contentions that She Alleged facts Sufficient to Allege a Causal Connection Between Her Injuries and the Accident Is of No Merit.

Plaintiff added a section to her Memorandum in which she asserts that she adequately pled facts necessary to establish a causal connection between the alleged "accident" and her injuries. This contention is entirely meaningless, as Plaintiff has not pled the occurrence of an "accident"

---

[2] In its opening papers, Air France showed if an in-flight occurrence does not qualify as an "accident" within the meaning of the Montreal Convention, then any failure to warn claim must also be dismissed. Plaintiff did not address that point in her Memorandum and must be deemed to have conceded it.

within the meaning of the Montreal Convention. Specifically, although Plaintiff pled that she was hurt as a result of her fall, the fall is not itself deemed to be an "accident." Rather, it is whatever caused her to fall, and that would only be an "accident" if the cause was unusual and unexpected. Obviously, if there was no "accident" within the meaning of the Montreal Convention, then there was no legal cause of the injuries. That is the case here.

Nor is Plaintiff's citation to Kwon v. Singapore Airlines, 356 F.Supp.2d 1041 (N.D. Cal. 2003), in which the Court discussed the policy underlying the imposition of tort liability on airlines, of any import in this case. The reasons given by the Kwon Court can only come into play once the statutory requisites of an "accident," as defined by the United States Supreme Court and as followed in Kwon itself, have been met. In their absence, the only policy that matters is the one underlying Congress's agreement to the Montreal Convention, and the interpretation given to that Convention by the Supreme Court, and other courts, including the Ninth Circuit. See Maugnie v. Compagnie Nationale Air France, 549 F.2d 1256, 1259 (9th Cir. 1977) ("the Convention functions to protect passengers from the hazards of air travel and also spreads the accident cost of air transportation among all passengers"). As shown by all these authorities, the policy underlying the Montreal Convention requires that the Complaint in this action should be dismissed.

### Conclusion

No evidence of liability on the part of Air France is or could be shown. Indeed, even if one credits Plaintiff's assertion that she fell over an unidentified "hazard" such as someone else's feet, or someone's underseat carry-on that was protruding into the aisle, that event would not qualify as an "accident" within the plain meaning of the Montreal Convention, as it repeatedly has been construed by the courts.

The Complaint should be dismissed in its entirety for failure to state a claim.

DATED: September 10, 2008                    COZEN O'CONNOR

                                             By: /s/ Christopher Kende
                                             CHRISTOPHER KENDE
                                             Attorneys for AIR FRANCE KLM AIRLINES