# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETTE MANSOOR, | CASE NO. 08cv0828 JM(RBB) |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS |
| vs. | |
| AIR FRANCE KLM AIRLINES, | |
| Defendant. | |

Defendant Air France KLM Airlines ("Air France") moves to dismiss Plaintiff Violette Mansoor's ("Mansoor") complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is denied.

## BACKGROUND

On May 7, 2008 Plaintiff commenced this federal question action seeking compensatory damages for injuries she sustained during an international flight operated by Air France. "During Air France Flight 307 from Atlanta to Paris on May 10, the plaintiff sustained serious personal injuries when she tripped and fell as a result of a hazard in the walkway onboard the aircraft." (Compl. ¶19).

Plaintiff alleges a single claim for personal injuries pursuant to Articles 17 and 21 of the Montreal Convention 1999. Pursuant to the Convention, Plaintiff alleges that her injuries were caused

by Air France's negligence within the meaning of Article 21 and therefore Defendant "is liable for damages exceeding 100,000 Special Drawing Rights as provided in Article 21." (Compl. ¶23). Plaintiff alleges that she suffered severe and permanent injuries as a result of the fall and is "unable to engage in her usual occupation and activities, and suffered physical pain and mental suffering." (Compl. ¶26).

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955, 1959 (2007). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 517 U.S. 1183 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Rule 12(b)(6) Motion**

Air France contends that Plaintiff fails to state a claim for relief under Article 17 of the Montreal Convention because the injury was not the result of "anything unusual or abnormal with respect to the operation or condition of the aircraft." (Motion at p.4:24-25). Article 17 of the

Montreal Convention, the successor treaty to the Warsaw convention, "establishes the liability of international air carriers for harm to passengers." Air France v. Saks, 470 U.S. 392, 397 (1985). Article 17 provides:

> The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

The Supreme Court noted that the term "accident" is not a technical legal term with a clearly defined meaning. Id. at 398. Focusing on Article 17's language that air carriers would be liable if an accident caused the injury, the court noted that "it is the cause of the injury that must satisfy the definition rather than the occurrence of the injury alone. American jurisprudence has long recognized this distinction between an accident that is the cause of an injury and an injury that is itself an accident." Id. at 399 (emphasis in original). The Supreme Court held "that liability under Article 17 of the [Montreal] Convention arises only if a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger." Id. at 405. The Supreme Court also noted that "[t]his definition should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries." Id.

Air France contends that the complaint fails to plead sufficient facts to establish that Plaintiff's injuries were the result of anything unusual or abnormal with respect to the operation or condition of the aircraft. (Motion at p.4:24-25). Air France argues that if Plaintiff tripped on someone's foot or protruding under-seat carry-on luggage there can be no liability under Article 17 as such an occurrence is not unexpected or unusual. For legal authority, Air France primarily relies on authorities that addressed the issue of liability in the context of summary judgment. In Rafailow v. El Al Israel Airlines, Ltd., 2008 WL 2047610 (S.D.N.Y. 2008) the plaintiff attempted to exit her middle seat when she encountered a reclining seat directly in front of her. As she made her way to the aisle, plaintiff slipped on an empty blanket plastic bag beneath an adjacent seat. She fell and sustained injury. The district court granted summary judgment in favor of the airline noting that "[a]fter four hours in flight, it [] would seem customary to encounter a certain amount of refuse on an airplane floor, including blanket bags discarded by passengers who had removed the bag's contents in order to use the blanket." Id. at *3. The district court also noted that the event that caused plaintiff's injury was not unexpected

1  nor an unusual event external to the passenger. See also Sethy v. Maley_Hungarian Airlines, 2000
2  WL 1234660 (S.D.N.Y. 2001) (granting summary judgment in favor of airline under Article 17 where
3  plaintiff tripped over luggage left in aisle during boarding because "there is nothing unexpected or
4  unusual about the presence of a bag in or hear the aisle during the boarding process"); Craig v.
5  Compagnie Nationale Air France, 1994 WL 711916 (C.Cal. 1994) (granting summary judgment in
6  favor of airline where plaintiff injured herself after tripping on a pair of shoes left on the airplane
7  floor); Potter v. Delta Air Lines, Inc. 98 F.3d 881 (5th Cir. 1996) (granting summary judgment in favor
8  of airline where plaintiff twisted her ankle while attempting to maneuver around fully reclined seat
9  in front of her because the incident was not caused by an unusual event); but see Gezzi v. British
10 Airways PLC, 991 F.2d 603 (9th Cir. 1993) (following bench trial affirming damages award to plaintiff
11 who slipped on a wet step while embarking on the aircraft).

12      Here, unlike the authorities cited by Air France, the present motion arises in the context of a
13 motion under Rule 12(b)(6), and not Rule 56. Under Rule 12(b)(6) the court construes the complaint
14 and all reasonable inferences in favor of Plaintiff even if the allegations may be doubtful in fact.
15 Twomby, 127 S.Ct. at 1959-61. The complaint alleges that Plaintiff was injured "when she tripped
16 and fell as a result of a hazard in the walkway onboard the aircraft." (Compl. ¶19). Applying the
17 appropriate legal standard, the court concludes that the hazard encountered by Plaintiff, whatever the
18 precise nature of that hazard may be, is adequately alleged to be the cause of Plaintiff's injury.
19 Furthermore, that hazard, as alleged, appears external to Plaintiff. In light of federal notice pleading
20 requirements, Air France can file an adequate answer and conduct discovery relevant to Plaintiff's
21 claim. Finally, the court notes that an accident under Article 17 of the Montreal Convention is a
22 flexible term that encompasses an "assessment of all the circumstances surrounding a passenger's
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

injuries." <u>Air France v. Saks</u>, 470 U.S. at 397. On a Rule 12(b)(6) motion the court is simply not able to assess the circumstances of Plaintiff's injuries.

In sum, the motion to dismiss is denied.

**IT IS SO ORDERED.**

DATED: October 27, 2008

Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties